**Jacob ALKOV, Plaintiff–Appellant,**

v.

**CITY OF MIAMI BEACH,**
**Defendant–Appellee.**

No. 05–15696

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 24, 2006.

Thomas John Butler, Thomas Butler, P.A., Miami Beach, FL, for Plaintiff–Appellant.

Sheri A. Sack, Miami, FL, for Defendant–Appellee.

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Upon *de novo* review of the record in this case, we affirm the district court's dismissal of Jacob Alkov's complaint that Defendant's rejection of certain applications submitted under the City's Nonprofit Vending Ordinance ("the Ordinance"), Miami Beach City Code § 86–143, violated the federal Equal Protection Clause. The court properly found that Alkov lacks standing to bring suit under the Ordinance, which creates rights in non-profit organizations only. Alkov, a self-described vendor and independent contractor, clearly does not fit that description,[1] and he offers no reason why his should be one of those

"exceptional cases where plaintiffs are permitted to raise the rights of others." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1357 (11th Cir.2003). On appeal, Alkov attempts to escape this conclusion by arguing that the Ordinance applies to commercial vendors like himself as well as to non-profit organizations. This reading manifestly contradicts the Ordinance's unambiguous language and express intent. *See* Miami Beach City Code § 86–141 and accompanying section on "Applicability of [the] Article." Finally, we agree with the district court that Alkov still would lack standing even if the ordinance applied to commercial vendors, because the only applications whose rejection he contests were submitted on behalf of non-profit organizations.

**AFFIRMED.**

**Leann HORNE, Plaintiff–Appellee,**

v.

**RUSSELL COUNTY COMMISSION,**
**et al., Defendants,**

---

1. As the district court correctly noted, "Nowhere has Plaintiff alleged that he is a nonprofit organization within the meaning of the Ordinance. Plaintiff does not assert that he has an interest in distributing books, literature, and message-bearing merchandise in furtherance of promoting his nonprofit organization or that he intended personally to make use of the denied permits."

Tillman Pugh, individually and in his official capacity as a County Commissioner for Russell County, Alabama, Defendant–Appellant.

No. 05–14573.

United States Court of Appeals, Eleventh Circuit.

May 24, 2006.

Gary C. Sherrer, Jackson Rhodes & Sherrer, PC, Dothan, AL, for Defendant–Appellant.

Kevin Wade Jent, C. Michael Quinn, Wiggins, Childs, Quinn & Pantazis, Birmingham, AL, Raymond L. Jackson, Jr., Attorney & Counsellor at Law, P.C., Auburn, AL, for Plaintiff–Appellee.

Before HULL and WILSON, Circuit Judges, and DUPLANTIER,* District Judge.

PER CURIAM:

After review and oral argument, we find no reversible error in the district court's orders dated July 15, 2005, and August 29, 2005.

AFFIRMED.

Darron McGEE, Plaintiff–Appellant,

v.

LUMBER GROUP, INC., Charles Harris, Defendants–Appellees.

No. 05–13711.

United States Court of Appeals, Eleventh Circuit.

May 24, 2006.

Malcolm R. Newman, Dothan, AL, for Plaintiff–Appellant.

Elizabeth B. Glasgow, Farmer, Price, Hornsby & Weatherford, Dothan, AL, for Defendants–Appellees.

Before HULL and WILSON, Circuit Judges and RICHARD W. GOLDBERG,* Judge.

PER CURIAM:

After review and oral argument, we find no reversible error in the district court's grant of summary judgment in favor of defendant Lumber Group, Inc. on plaintiff Darron McGee's hostile work environment claims under 42 U.S.C. § 1981.

AFFIRMED.

---

* Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

* Honorable Richard W. Goldberg, Judge, U.S. Court of International Trade, sitting by designation.